1  Donald H. Nichols (MN State Bar No. 78918)
2  (**pro hac vice** application forthcoming)
   Paul J. Lukas (MN State Bar No. 22084X)
3  (**pro hac vice** application forthcoming)
   Michele R. Fisher (MN State Bar No. 303069)
4  (**pro hac vice** application forthcoming)
   NICHOLS KASTER & ANDERSON, PLLP
5  4600 IDS Center
   80 S. 8th Street
6  Minneapolis, MN 55402

7
   Bryan J. Schwartz, CA State Bar No. 209903
8  Matthew C. Helland, CA State Bar No. 250451
   NICHOLS KASTER & ANDERSON, LLP
9  One Embarcadero Center
   Ste. 720
10 San Francisco, CA 94111

11 Attorneys for Individual and Representative Plaintiffs

12 **IN THE UNITED STATES DISTRICT COURT**
13 **NORTHERN DISTRICT OF CALIFORNIA**

14

| | |
|---|---|
| 15  Samson Lew, on behalf of himself and classes of those similarly situated, | **CLASS AND COLLECTIVE ACTION** |
| 16                     Plaintiffs, | **COMPLAINT FOR DAMAGES, RESTITUTION AND INJUNCTIVE RELIEF** |
| 17     vs. | **(1) Violation of the Fair Labor Standards Act, 29 U.S.C. Section 201 et seq. (FLSA)** |
| 18  Countrywide Financial Corporation; Countrywide Bank, FSB, Full Spectrum | |
| 19  Lending Division; Countrywide Home Loans, Inc., and their respective affiliates | **(2) Violation of California Labor Code Sections 510, 1194, and 1198, and IWC Wage Order(s)** |
| 20  and parents and subsidiaries, and DOES 1-50, | |
| 21                     Defendants. | **(3) Waiting Time Penalties (California Labor Code Sections 201-203)** |
| 22 | **(4) Failure to Provide Itemized Wage Statements (California Labor Code Section 226)** |
| 23 | |
| 24 | **(5) Failure to Provide and/or Authorize and Permit Meal and Rest Periods** |
| 25 | |
| 26 | **(6) Violation of California Business and Professions Code Sections 17200 et seq.** |
| 27 | **DEMAND FOR JURY TRIAL** |
| 28 | |

1
2
## PRELIMINARY STATEMENT
3      1.      This is a class and collective action brought by Individual and Representative
4   Plaintiff Samson Lew, on his own behalf and on behalf of the proposed class identified below
5   (collectively, "Plaintiffs"). Plaintiff and the putative class members were or are employed by
6   Defendants Countrywide Financial Corporation; Countrywide Bank, FSB, Full Spectrum Lending
7   Division; Countrywide Home Loans, Inc., and their respective affiliates and parents and
8   subsidiaries, and certain Doe Defendants, or their predecessors-in-interest, as "loan specialists"
9   (aka "loan processors"). Plaintiff was a covered, non-exempt employee under California and
10  federal wage and hour laws and entitled to overtime pay consistent with the requirements of these
11  laws. As loan specialists, Plaintiff and the putative class members were entitled to meal and rest
12  period premiums consistent with the requirements of these laws.
13     2.      The Class is made up of all persons who are or have been employed by Defendants
14  as loan specialists in the State of California within the period four years prior to the filing date of
15  this Complaint ("the Class Period"), relating to their meal and rest period claims and related
16  claims.
17     3.      Within the period four years prior to the filing date of this Complaint, Defendants
18  failed to pay appropriate overtime compensation to named Plaintiff as required by state and
19  federal law (i.e., forced him to work "off-the-clock"). During the Class Period, Defendants failed
20  to pay meal and rest period premiums for meal and rest breaks missed by Plaintiff and the Class,
21  as required by California law. Plaintiff seeks relief for himself and the Class pursuant to the
22  applicable provisions of the California Labor Code and applicable Wage Orders of the Industrial
23  Welfare Commission ("IWC"), to remedy the Defendant's failure to pay all wages due, pay
24  appropriate overtime compensation, to provide and/or authorize and permit meal and rest periods,
25  to pay waiting time penalties, and maintain accurate time records, in addition to injunctive relief.
26
27
28

-2-

## THE PARTIES

4.    Individual and representative Plaintiff Samson Lew resides in Concord, California (Alameda County). He was employed by Defendants as a loan specialist from approximately September 2005 to approximately October 2007 in Livermore, California (Alameda County). Plaintiff Gabriella is a member of the Class.

5.    Upon information and belief, Countrywide Bank, FSB, is a citizen of the State of Virginia.

6.    Defendants Countrywide Financial Corporation, Countrywide Bank, FSB, Full Spectrum Lending Division, Countrywide Home Loans, Inc., and their respective affiliates and parents and subsidiaries, do or did business in and maintain(ed) branches throughout California, including facilities in Alameda County, California.

7.    Defendants Does 1-50, inclusive, are sued herein under fictitious names.  Their true names and capacities are unknown to Plaintiffs. When their true names and capacities are ascertained, Plaintiffs will amend this complaint by inserting their true names and capacities herein. Plaintiffs are informed and believe and thereon allege that each of the fictitiously-named Defendants is responsible in some manner for the occurrences herein alleged, and that the damages of Plaintiffs and the putative class members herein alleged were proximately caused by such Defendants.

8.    Plaintiffs are informed, believe, and thereon allege that each of the Defendants herein was, at all times relevant to this action, the agent, employee, representative partner, integrated enterprise with and/or joint venturer of the remaining Defendants and was acting within the course and scope of the relationship. Defendants had interrelated operations, common management, centralized control of labor relations, and common financial control. Plaintiffs are further informed, believe, and thereon allege that each of the Defendants herein gave consent to, ratified and authorized the acts alleged herein to the remaining Defendants.

## JURISDICTION AND VENUE

9.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, as this

-3-

case is being brought under FLSA, and 28 U.S.C. §1332(d)(2) (the Class Action Fairness Act (CAFA)), inasmuch as the amount in controversy exceeds $5,000,000 and one or more parties are citizens of different states.

10.    Venue is proper in the United States District Court, Northern District of California pursuant to 28 U.S.C. § 1391, because Defendants operates facilities in Alameda County, California, and because a substantial part of the events giving rise to the claims occurred in this district.

11.    Pursuant to Civil L.R. 3-2(c) and (d), this action is properly assigned to the Northern District of California because a substantial portion of the events giving rise to this dispute occurred in Alameda County, California.

### CLASS ALLEGATIONS

12.    Plaintiff Lew brings this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of the following defined class:

> **Proposed Class:**    All employees of Defendants who were, are, or will be employed in the State of California as a loan specialist (aka loan processor) at any time within four years of the filing of this Complaint until the final disposition of this case, who were entitled to but who were not paid a premium for a missed meal or rest period, as required under California law.

13.    Numerosity:    The Proposed Class is so numerous that joinder of all members is impracticable. Plaintiffs are informed and believe, and on that basis allege, that during the relevant time period, Defendants employed hundreds of people who satisfy the definition of the Proposed Class.

14.    Typicality:    Plaintiffs' claims are typical of the members of the Proposed Class. Like credit managers, senior credit managers, assistant managers, and loan processors across California, Plaintiffs routinely were not authorized and permitted and/or provided meal and rest breaks during the Class Period, and not paid premiums required under California law for such missed breaks. Like all non-exempt branch employees in Defendants' branches statewide, Plaintiffs were subject to Defendants' policy and practice of improperly failing to: provide and/or

-4-

authorize and permit meal and rest breaks as required under California law; pay appropriate meal/rest period compensation for missed breaks; maintain accurate time records of hours worked by the Proposed Class, as to these breaks; or, to issue accurate itemized wage statements to these individuals' missed breaks.

15.    Superiority:    A class action is superior to other available methods of the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute separate lawsuits in federal court against a large corporate Defendant.

16.    Adequacy:    Plaintiffs will fairly and adequately protect the interests of the Proposed Class, and has retained counsel experienced in complex wage and hour class and collective action litigation.

17.    Commonality: Common questions of law and fact exist to all members of the Proposed Class and predominate over any questions solely affecting individual members of the Proposed Class, including but not limited to:

    A.    Whether Defendants employed Plaintiffs and the Proposed Class within the meaning of the California law;

    B.    Whether Defendants' policies and practices adequately provide and/or authorize and meal and rest periods in compliance with California law;

    C.    Whether Defendants' policies and practices ensure that time records relating to meal and rest breaks are adequately kept;

    D.    Whether Plaintiff and the Proposed Class members who are no longer employed with Defendants are entitled to waiting time penalties pursuant to California Labor Code sections 201-203;

    E.    Whether Defendants provided adequate itemized wage statements to Plaintiffs and the Class pursuant to Labor Code section 226, as to the premiums for missed breaks;

    F.    Whether Defendants' conduct violated the California Unfair Practices Act

-5-

set forth in the Business and Professions Code sections 17200 *et seq.* by violating state law as set forth herein;

G.    The proper measure of damages sustained by the Proposed Class; and

H.    Whether Defendants' actions were "willful."

18.    This case is maintainable as a class action under Fed. R. Civ. P. 23(b)(1) because prosecution of actions by or against individual members of the class would result in inconsistent or varying adjudications and create the risk of incompatible standards of conduct for Defendants. Further, adjudication of each individual member's claim as separate action would be dispositive of the interest of other individuals not party to this action, impeding their ability to protect their interests.

19.    Class certification is also appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the Proposed Class predominate over any questions affecting only individual members of the Proposed Class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. Defendants' common and uniform policies and practices denied the Proposed Class the wages and penalties to which they are entitled. The damages suffered by the individual Proposed Class members are small compared to the expense and burden of individual prosecution of this litigation. In addition, class certification is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendants' practices.

20.    Plaintiffs intend to send notice to all members of the Proposed Class to the extent required by Rule 23. The names and address of the Proposed Class are available from Defendant.

## INDIVIDUAL ALLEGATIONS

21.    Plaintiff Lew, in addition to sharing the allegations of the Class as to denied meal and rest period premiums, waiting time penalties, itemized wage statements, etc., as alleged above, worked off-the-clock, in violation of California law and the FLSA.

22.    As a loan specialist, Plaintiff Lew was a non-exempt employee and entitled to overtime, but worked overtime for which he was not paid at the appropriate overtime rate.

-6-

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## FIRST CLAIM FOR RELIEF

### (Failure to Provide Rest Breaks and Meal Periods)

23.    Plaintiffs allege and incorporate by reference the allegations in the proceeding paragraphs.

24.    California Labor Code section 512 prohibits an employer from employing an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes, or for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes.

25.    Section 11 of Wage Order No. 4 provides (and at all times relevant hereto provided) in relevant part that:

> No employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes, except that when a work period of not more than six (6) hours will complete the day's work the meal period may be waived by mutual consent of the employer and employee. Unless the employee is relieved of all duty during a 30 minute meal period, the meal period shall be considered an "on duty" meal period and counted as time worked. An "on duty" meal period shall be permitted only when the nature of the work prevents an employee from being relieved of all duty and when by written agreement between the parties an on-the-job paid meal period is agreed to. The written agreement shall state that the employee may, in writing, revoke the agreement at any time. If an employer fails to provide an employee a meal period in accordance with the applicable provisions of this Order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each work day that the meal period is not provided.

26.    Section 12 of Wage Order No. 4 provides (and at all times relevant hereto provided) in relevant part that:

> Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof. However, a rest period need not be authorized for employees whose total daily work time is less than three and one-half (3 ½) hours. Authorized rest period time shall be counted, as hours worked, for which there shall be no deduction from wages. If an employer fails to provide an employee a rest period in accordance

-7-

1    with the applicable provisions of this Order, the employer shall pay the employee
2    one (1) hour of pay at the employee's regular rate of compensation for each work
     day that the rest period is not provided.
3

4    27.    California Labor Code section 226.7 prohibits any employer from requiring any

5    employee to work during any meal or rest period mandated by an applicable IWC wage order,

6    and provides that an employer that fails to provide an employee with a required rest break or meal

7    period shall pay that employee one additional hour of pay at the employee's regular rate of

8    compensation for each work day that the employer does not provide a compliant meal or rest

9    period.

10   28.    Defendants failed to provide Plaintiff and Class members with meal periods as

11   required by law, and failed to authorize and permit the Plaintiff and Class members to take rest

12   periods as required by law. Plaintiffs are therefore entitled to payment of the meal and rest period

13   premiums as provided by law, but were not paid these premiums by Defendants.

14                                **SECOND CLAIM FOR RELIEF**

15                                  **(Waiting Time Penalties)**

16   29.    Plaintiffs allege and incorporate by reference the allegations in the preceding

17   paragraphs.

18   30.    During the relevant time period, many Class members were employed by and

19   thereafter terminated by or resigned from their positions with Defendants. Defendants, however,

20   willfully failed to pay such Class members all wages owed them (including meal and rest period

21   premiums and Plaintiff Lew's overtime) and failed to pay Plaintiffs within the time limits set

22   forth in California Labor Code sections 201 and 202.

23   31.    Under Labor Code sections 201, 202, and 203, those Class members who no

24   longer work for Defendants are entitled to waiting time penalties for Defendants' willful failure to

25   timely pay all wages owed upon separation of their employment.

26                                 **THIRD CLAIM FOR RELIEF**

27                      **(Failure to Provide Accurate Itemized Wage Statements)**

28   32.    Plaintiffs allege and incorporate by reference the allegations in the preceding

-8-

paragraphs.

33.    California Labor Code § 226(a) provides that, at the time of each payment of wages, an employer shall provide each employee with a wage statement itemizing, among other things, the total hours worked by the employee in the pay period. California Labor Code § 226(e) provides that an employee suffering injury as a result of a knowing and intentional failure by an employer to comply with Labor Code § 226(a) may recover the greater of his or her actual damages or a penalty of $50 for the initial pay period in which a violation occurs and $100 per employee for each violation in a subsequent pay period (up to a maximum of $4,000), in addition to attorneys fees and costs.

34.    Defendants knowingly and intentionally failed to provide timely, accurate, itemized wage statements including, *inter alia*, hours worked, named California Plaintiffs and the Class in accordance with Labor Code § 226(a). Such failure caused injury to named Plaintiffs and the Class members, by, among other things, impeding them from knowing the total hours worked and/or the amount of wages to which they are and were entitled. Named Plaintiffs and the Class are therefore entitled to the damages and penalties provided for under Labor Code § 226(e). Pursuant to Labor Code section 226(g), Plaintiff and the Class are also entitled to and seek injunctive relief requiring Defendants to comply with Labor Code 226(a).

## FOURTH CLAIM FOR RELIEF

### (Unfair Practice under the Unfair Competition Act)

35.    Plaintiffs allege and incorporate by reference the allegations in the preceding paragraphs.

36.    Section 17200 of the California Business and Professions Code — California's Unfair Competition Law — prohibits unfair competition by prohibiting, *inter alia*, any unlawful or unfair business acts or practices. The foregoing conduct by Defendants, as alleged, constitutes unlawful business actions and practices in violation of Section 17200, *et seq.*

37.    Pursuant to Business and Professions Code § 17200 *et seq.*, Plaintiff Lew and/or the class members are entitled to restitution of the overtime earnings and/or other unpaid wages

-9-

and premiums alleged herein that Defendants have improperly withheld and retained during a period that commences four years prior to the filing of this action, a permanent injunction requiring Defendants to pay meal and rest period premiums to all California workers as defined herein, an award of attorneys' fees pursuant to Code of Civil Procedure section 1021.5 and other applicable law, and costs.

### FIFTH CLAIM FOR RELIEF

**(Failure to Pay Overtime Compensation in Violation of California Law)**

38.     Plaintiff Lew alleges and incorporates by reference the allegations in the preceding paragraphs.

39.     At all relevant times herein, IWC Wage Order No. 4 (8 C.C.R. § 11040) and California Labor Code §510 required an employer, such as Defendant, to pay overtime premium(s) for hours worked in excess of 8 in a given workday, 40 in a given workweek, or on the seventh day worked in a single workweek. Pursuant to California Labor Code § 1198, it is unlawful to employ persons for hours longer than the hours set by the Industrial Welfare Commission ("IWC"), or under conditions prohibited by the applicable wage orders of the IWC.

40.     Plaintiff Lew worked in excess of eight hours per day and in excess of 40 hours per week, and Defendants unlawfully failed to pay him the proper overtime compensation required in violation of IWC Wage Order 4 (8 C.C.R. § 11040, as amended during the Class Period), and the California Labor Code §§ 510 and 1198. Pursuant to California Labor Code § 1194, Plaintiff is entitled to recover their unpaid overtime compensation.

41.     As a direct and proximate result of Defendants' unlawful conduct, as set forth herein, Plaintiff Lew has sustained damages, including loss of earnings for hours of overtime worked on behalf of Defendants in an amount to be established at trial, plus interest, attorneys' fees and costs.

-10-

## SIXTH CLAIM FOR RELIEF

**(Failure to Pay Overtime Compensation in Violation of the Fair Labor Standards Act)**

42.    Plaintiff Lew alleges and incorporates by reference the allegations in the preceding paragraphs.

43.    Plaintiff Lew consents in writing to be a party of this action, pursuant to 29 U.S.C. § 216(b).

44.    At all relevant times, Defendants have been, and continue to be, "employers" engaged in interstate commerce and/or in the production of goods for commerce, within the meaning of the FLSA, 20 U.S.C. § 203. At all relevant times, Defendants have employed and continue to employ employees, including Plaintiff. At all relevant times, upon information and belief, each Defendant has had gross operating revenues in excess of $500,000.00.

45.    The FLSA requires each covered employer such as Defendants to compensate all non-exempt employees at a rate of not less than one and one-half times the regular rate of pay for work performed in excess of forty hours per work week.

46.    During his employment with Defendants, within the applicable statute of limitations, Plaintiff Lew worked in excess of forty hours per workweek. Despite the hours worked by Plaintiff Lew, Defendants willfully, in bad faith, and in knowing violation of the Federal Fair Labor Standards Act, failed and refused to pay him the appropriate overtime compensation for all the hours worked in excess of forty.

47.    By failing to accurately record, report, and/or preserve records of hours worked by Plaintiff Lew, Defendants have failed to make, keep, and preserve records with respect to Plaintiff Lew sufficient to determine his wages, hours, and other conditions and practice of employment, in violation of the FLSA, 29 U.S.C. § 201, and 29 C.F.R. §516, **et seq.**

48.    The foregoing conduct, as alleged, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C. § 255(a).

49.    Plaintiff Lew seeks damages in the amount of his respective unpaid overtime compensation, liquidated damages from three years immediately preceding the filing of this

-11-

1   action, plus interest and costs as allowed by law, pursuant to 29 U.S.C. §§ 216(b) and 255(a), and

2   such other legal and equitable relief as the Court deems just and proper.

3       50.    Plaintiff Lew seeks recovery of his attorneys' fees and costs to be paid by

4   Defendants, as provided by the FLSA, 29 U.S.C. § 201 et seq.

5

6                              **PRAYER FOR RELIEF**

7       51.    WHEREFORE, Plaintiffs, on behalf of themselves and all members of the

8   Proposed Class, pray for relief as follows:

9       A.    That the Court determine that this action may proceed as a class action

10           under Rule 23(b)(1) and (3) of the Federal Rules of Civil Procedure;

11      B.    That Defendants are found to have violated the overtime provisions of the

12           California Labor Code and applicable IWC Wage Order(s) as to Plaintiff

13           Lew;

14      C.    That Defendants are found to have violated sections 201, 202, and 203 of

15           the California Labor Code for willful failure to pay all compensation owed

16           at the time of separation to named Plaintiffs and the Class;

17      D.    That Defendants are found to have violated California Labor Code section

18           226 for willful failure to provide accurate itemized wage statements to

19           named Plaintiff and the Class;

20      E.    That Defendants are found to have violated the provisions of the California

21           Labor Code and applicable IWC Wage Order(s) regarding meal and rest

22           periods;

23      F.    That Defendants are found to have violated the overtime provisions of the

24           Federal Fair Labor Standards Act as to Plaintiff Lew;

25      G.    That Defendants are found to have violated the FLSA by failing to follow

26           the FLSA's recordkeeping requirements;

27

28

                                   -12-

H.    That Defendant's violations as described above are found to be willful;

I.    An award to Plaintiff and the Class for the amount of unpaid wages owed, including interest thereon, and penalties subject to proof at trial;

J.    That Defendants be ordered and enjoined to pay restitution to Plaintiffs due to Defendant's unlawful activities, pursuant to California Business and Professions Code sections 17200, *et seq.*;

K.    That Defendants further be enjoined to cease and desist from unlawful activities in violation of California Business and Professions Code sections 17200, *et seq.*;

L.    An award of reasonable attorneys' fees and costs pursuant to California Labor Code §1194, 29 U.S.C. section 216, and/or other applicable law; and

M.    For such other and further relief, in law or equity, as this Court may deem appropriate and just.

## DEMAND FOR JURY TRIAL

52.    Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff Lew individually and on behalf of all others similarly situated, demands a trial by jury.

Dated: April 15, 2008

_____s/Bryan J. Schwartz_____.
Donald H. Nichols, MN State Bar No. 78918
(**pro hac vice** application forthcoming)
Paul J. Lukas, MN State Bar No. 22084X
(**pro hac vice** application forthcoming)
Michele R. Fisher (MN State Bar No. 303069)
(**pro hac vice** application forthcoming)
NICHOLS KASTER & ANDERSON, PLLP
4600 IDS Center, 80 S. 8th Street
Minneapolis, MN 55402

Bryan J. Schwartz, CA State Bar No. 209903
Matthew C. Helland, CA State Bar No. 250451
NICHOLS KASTER & ANDERSON, LLP
One Embarcadero Center, Ste. 720
San Francisco, CA 94111
Telephone: (415) 277-7235
Facsimile: (415) 277-7238

-13-

COMPLAINT FOR DAMAGES, RESTITUTION AND INJUNCTIVE RELIEF

§ JS 44 (Rev. 12/97) (cand rev 1-16-08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO OF THE FORM.)

## I. (a) PLAINTIFFS

Samson Lew, on behalf of himself and classes of those similarly situated

## DEFENDANTS

Countrywide Financial Corporation, Countrywide Bank, FSB et al

(b) County of Residence of First Listed Plaintiff  Alameda
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant  Alameda
(IN U.S. PLAINTIFF CASES ONLY)
NOTE  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)

Bryan J. Schwartz, Nichols Kaster & Anderson, LLP,
One Embarcadero Center, Suite 720
San Francisco, CA 94111
T: 415-277-7235

Attorneys (If Known)

CV 08     1993

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- [ ] 1  U.S. Government Plaintiff
- [X] 3  Federal Question (U.S. Government Not a Party)
- [ ] 2  U.S. Government Defendant
- [ ] 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only) and One Box for Defendant)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business in This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business in Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | [ ] 610 Agriculture | [ ] 422 Appeal 28 USC 158 | [ ] 400 State Reapportionment |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 362 Personal Injury— | [ ] 620 Other Food & Drug | [ ] 423 Withdrawal | [ ] 410 Antitrust |
| [ ] 130 Miller Act | [ ] 315 Airplane Product | Med. Malpractice | [ ] 625 Drug Related Seizure | 28 USC 157 | [ ] 430 Banks and Banking |
| [ ] 140 Negotiable Instrument | Liability | [ ] 365 Personal Injury — | of Property 21 USC 881 | | [ ] 450 Commerce |
| [ ] 150 Recovery of Overpayment | [ ] 320 Assault, Libel & | Product Liability | [ ] 630 Liquor Laws | PROPERTY RIGHTS | [ ] 460 Deportation |
| & Enforcement of Judgment | Slander | [ ] 368 Asbestos Personal | [ ] 640 R.R. & Truck | [ ] 820 Copyrights | [ ] 470 Racketeer Influenced and |
| [ ] 151 Medicare Act | [ ] 330 Federal Employers' | Injury Product | [ ] 650 Airline Regs. | [ ] 830 Patent | Corrupt Organizations |
| [ ] 152 Recovery of Defaulted | Liability | Liability | [ ] 660 Occupational | [ ] 840 Trademark | [ ] 480 Consumer Credit |
| Student Loans | [ ] 340 Marine | | Safety/Health | | [ ] 490 Cable/Sat TV |
| (Excl. Veterans) | [ ] 345 Marine Product | PERSONAL PROPERTY | [ ] 690 Other | | [ ] 810 Selective Service |
| [ ] 153 Recovery of Overpayment | Liability | [ ] 370 Other Fraud | | SOCIAL SECURITY | [ ] 850 Securities/Commodities/ |
| of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 371 Truth in Lending | LABOR | [ ] 861 HIA (1395ff) | Exchange |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle | [ ] 380 Other Personal | [X] 710 Fair Labor Standards | [ ] 862 Black Lung (923) | [ ] 875 Customer Challenge |
| [ ] 190 Other Contract | Product Liability | Property Damage | Act | [ ] 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| [ ] 195 Contract Product Liability | [ ] 360 Other Personal Injury | [ ] 385 Property Damage | [ ] 720 Labor/Mgmt. Relations | [ ] 864 SSID Title XVI | [ ] 890 Other Statutory Actions |
| [ ] 196 Franchise | | Product Liability | [ ] 730 Labor/Mgmt.Reporting | [ ] 865 RSI (405(g)) | [ ] 891 Agricultural Acts |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | & Disclosure Act | | [ ] 892 Economic Stabilization Act |
| [ ] 210 Land Condemnation | [ ] 441 Voting | [ ] 510 Motions to Vacate | [ ] 740 Railway Labor Act | FEDERAL TAX SUITS | [ ] 893 Environmental Matters |
| [ ] 220 Foreclosure | [ ] 442 Employment | Sentence | [ ] 790 Other Labor Litigation | [ ] 870 Taxes (U.S. Plaintiff | [ ] 894 Energy Allocation Act |
| [ ] 230 Rent Lease & Ejectment | [ ] 443 Housing/ | Habeas Corpus: | [ ] 791 Empl. Ret. Inc | or Defendant) | [ ] 895 Freedom of Information |
| [ ] 240 Torts to Land | Accommodations | [ ] 530 General | Security Act | [ ] 871 IRS—Third Party | Act |
| [ ] 245 Tort Product Liability | [ ] 444 Welfare | [ ] 535 Death Penalty | | 26 USC 7609 | [ ] 900 Appeal of Fee |
| [ ] 290 All Other Real Property | [ ] 445 Amer. w/Disabilities – | [ ] 540 Mandamus & Other | IMMIGRATION | | Determination |
| | Employment | [ ] 550 Civil Rights | [ ] 462 Naturalization Application | | Under Equal Access |
| | [ ] 446 Amer. w/Disabilities – | [ ] 555 Prison Condition | [ ] 463 Habeas Corpus – | | to Justice |
| | Other | | Alien Detainee | | [ ] 950 Constitutionality of |
| | [ ] 440 Other Civil Rights | | [ ] 465 Other Immigration | | State Statutes |
| | | | Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
29 U.S.C. Section 201 et seq.

Brief description of cause:
Wage and Hour Violation

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
- DEMAND $ 75000+
- CHECK YES only if demanded in complaint:
- JURY DEMAND: [X] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY

PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE
"NOTICE OF RELATED CASE".

## IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2)
(PLACE AND "X" IN ONE BOX ONLY)

- [X] SAN FRANCISCO/OAKLAND
- [ ] SAN JOSE

DATE
April 16, 2008

SIGNATURE OF ATTORNEY OF RECORD

JS 44 Reverse (Rev. 12/07)

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.**     **(a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.**     **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

**III.**     **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.**     **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.**     **Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

**VI.**     **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.**          Example:          U.S. Civil Statute: 47 USC 553
                                               Brief Description: Unauthorized reception of cable service

**VII.**     **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.**     **Related Cases.** This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.
**Date and Attorney Signature.** Date and sign the civil cover sheet.