Donald H. Nichols (MN State Bar No. 78918)
(**pro hac vice** application forthcoming)
Paul J. Lukas (MN State Bar No. 22084X)
(**pro hac vice** application forthcoming)
NICHOLS KASTER & ANDERSON, PLLP
4600 IDS Center
80 S. 8th Street
Minneapolis, MN 55402

Bryan J. Schwartz, CA State Bar No. 209903
Matthew C. Helland, CA State Bar No. 250451
NICHOLS KASTER & ANDERSON, LLP
One Embarcadero Center
Ste. 720
San Francisco, CA 94111

Attorneys for Individual and Representative Plaintiffs

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Samson Lew, on behalf of himself and classes of those similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>Countrywide Financial Corporation; Countrywide Bank, FSB, Full Spectrum Lending Division; Countrywide Bank, N.A.; Countrywide Home Loans, Inc., and their respective affiliates and parents and subsidiaries, and DOES 1-50,<br><br>Defendants. | **CLASS AND COLLECTIVE ACTION**<br><br>**AMENDED COMPLAINT FOR DAMAGES, RESTITUTION AND INJUNCTIVE RELIEF**<br><br>**(1) Violation of the Fair Labor Standards Act, 29 U.S.C. Section 201 et seq. (FLSA)**<br><br>**(2) Violation of California Labor Code Sections 510, 1194, and 1198, and IWC Wage Order(s)**<br><br>**(3) Waiting Time Penalties (California Labor Code Sections 201-203)**<br><br>**(4) Failure to Provide Itemized Wage Statements (California Labor Code Section 226)**<br><br>**(5) Failure to Provide and/or Authorize and Permit Meal and Rest Periods**<br><br>**(6) Violation of California Business and Professions Code Sections 17200 et seq.**<br><br>**DEMAND FOR JURY TRIAL** |

AMENDED COMPLAINT FOR DAMAGES, RESTITUTION AND INJUNCTIVE RELIEF

**PRELIMINARY STATEMENT**

1. This is a class and collective action brought by Individual and Representative Plaintiff Samson Lew, on his own behalf and on behalf of the proposed class identified below (collectively, "Plaintiffs"). Plaintiff and the putative class members were or are employed by Defendants Countrywide Financial Corporation; Countrywide Bank, FSB, Full Spectrum Lending Division; Countrywide Bank, N.A.; Countrywide Home Loans, Inc., and their respective affiliates and parents and subsidiaries, and certain Doe Defendants, or their predecessors-in-interest, as "loan specialists" (aka "loan processors"). Plaintiff was a covered, non-exempt employee under California and federal wage and hour laws and entitled to overtime pay consistent with the requirements of these laws. As loan specialists, Plaintiff and the putative class members were entitled to overtime pay and meal and rest period premiums consistent with the requirements of these laws.

2. The Rule 23 Class is made up of all persons who are or have been employed by Defendants as loan specialists in the State of California within the period four years prior to the filing date of this Complaint ("the Rule 23 Class Period"), relating to their meal and rest period and off-the-clock overtime claims and related claims.

3. The Collective Class is made up of all persons who are or have been employed by Defendants as loan specialists in the State of California within the period three years prior to the filing date of this Complaint ("the FLSA Class Period"), relating to their off-the-clock overtime claims and related claims.

4. Within the period three or four years, respectively, prior to the filing date of this Complaint, Defendants failed to pay appropriate overtime compensation to the FLSA and Rule 23 Classes, and to the named Plaintiff, as required by state and federal law (i.e., forced them to work "off-the-clock"). During the Rule 23 Class Period, Defendants failed to pay meal and rest period premiums for meal and rest breaks missed by Plaintiff and the Class, as required by California law. Plaintiff seeks relief for himself and the Classes pursuant to the applicable provisions of the California Labor Code and applicable Wage Orders of the Industrial Welfare Commission ("IWC"), and the FLSA, to remedy the Defendant's failure to pay all wages due, pay appropriate

-2-

AMENDED COMPLAINT FOR DAMAGES, RESTITUTION AND INJUNCTIVE RELIEF

overtime compensation, to provide and/or authorize and permit meal and rest periods, to pay waiting time penalties, and maintain accurate time records, in addition to injunctive relief.

## THE PARTIES

5. Individual and representative Plaintiff Samson Lew resides in Concord, California (Contra Costa County). He was employed by Defendants as a loan specialist from approximately September 2005 to approximately October 2007 in Livermore, California (Alameda County). Plaintiff Lew is a member of the Class.

6. Upon information and belief, Countrywide Bank, FSB, is a citizen of the State of Virginia.

7. Defendants Countrywide Financial Corporation, Countrywide Bank, FSB, Full Spectrum Lending Division, Countrywide Bank, N.A., Countrywide Home Loans, Inc., and their respective affiliates and parents and subsidiaries, do or did business in and maintain(ed) branches throughout California, including facilities in Alameda County, California.

8. Defendants Does 1-50, inclusive, are sued herein under fictitious names. Their true names and capacities are unknown to Plaintiffs. When their true names and capacities are ascertained, Plaintiffs will amend this complaint by inserting their true names and capacities herein. Plaintiffs are informed and believe and thereon allege that each of the fictitiously-named Defendants is responsible in some manner for the occurrences herein alleged, and that the damages of Plaintiffs and the putative class members herein alleged were proximately caused by such Defendants.

9. Plaintiffs are informed, believe, and thereon allege that each of the Defendants herein was, at all times relevant to this action, the agent, employee, representative partner, integrated enterprise with and/or joint venturer of the remaining Defendants and was acting within the course and scope of the relationship. Defendants had interrelated operations, common management, centralized control of labor relations, and common financial control. Plaintiffs are further informed, believe, and thereon allege that each of the Defendants herein gave consent to, ratified and authorized the acts alleged herein to the remaining Defendants.

**JURISDICTION AND VENUE**

10. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, as this case is being brought under FLSA, and 28 U.S.C. §1332(d)(2) (the Class Action Fairness Act (CAFA)), inasmuch as the amount in controversy exceeds $5,000,000 and one or more parties are citizens of different states.

11. Venue is proper in the United States District Court, Northern District of California pursuant to 28 U.S.C. § 1391, because Defendants operates facilities in Alameda County, California, and because a substantial part of the events giving rise to the claims occurred in this district.

12. Pursuant to Civil L.R. 3-2(c) and (d), this action is properly assigned to the Northern District of California because a substantial portion of the events giving rise to this dispute occurred in Alameda County, California.

**RULE 23 CLASS ALLEGATIONS**

13. Plaintiff Lew brings this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of the following defined class:

> **Proposed Class:** All employees of Defendants who were, are, or will be employed in the State of California as a loan specialist (aka loan processor) at any time within four years of the filing of this Complaint until the final disposition of this case, who were entitled to but who were not paid a premium for a missed meal or rest period, as required under California law, and/or who were entitled to but who were not paid overtime for hours worked during meal periods, as required under California law (i.e., who worked off-the-clock).

14. Numerosity: The Proposed Class is so numerous that joinder of all members is impracticable. Plaintiff is informed and believe, and on that basis alleges, that during the relevant time period, Defendants employed hundreds of people who satisfy the definition of the Proposed Class.

15. Typicality: Plaintiff's claims are typical of the members of the Proposed Class. Like loan specialists (aka loan processors) across California, Plaintiff routinely was not

-4-

authorized and permitted to take and/or provided meal and rest breaks during the Class Period, and not paid premiums required under California law for such missed breaks, nor paid overtime for the hours worked during meal breaks which led to more than eight hours worked in a day. Like all non-exempt branch employees in Defendants' branches statewide, Plaintiff was subject to Defendants' policy and practice of improperly failing to: provide and/or authorize and permit meal and rest breaks as required under California law; pay appropriate meal/rest period compensation for missed breaks; maintain accurate time records of hours worked by the Proposed Class, as to these breaks; pay appropriate overtime compensation when appropriate for meal period hours worked that led to more than 8.0 hours worked in a given day; and/or, to issue accurate itemized wage statements to these individuals' missed breaks.

16. <u>Superiority</u>:   A class action is superior to other available methods of the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute separate lawsuits in federal court against a large corporate Defendant.

17. <u>Adequacy</u>:   Plaintiff will fairly and adequately protect the interests of the Proposed Class, and has retained counsel experienced in complex wage and hour class and collective action litigation.

18. <u>Commonality</u>: Common questions of law and fact exist to all members of the Proposed Class and predominate over any questions solely affecting individual members of the Proposed Class, including but not limited to:

    A.    Whether Defendants employed Plaintiff and the Proposed Class within the meaning of the California law;

    B.    Whether Defendants' policies and practices adequately provide and/or authorize and meal and rest periods in compliance with California law;

    C.    Whether Defendants' policies and practices ensured that Plaintiff and the Proposed Class members were paid overtime for hours worked during meal periods when such hours led to more than 8.0 hours worked in a given day;

    D.    Whether Defendants' policies and practices ensure that time records relating to meal and rest breaks are adequately kept;

    E.    Whether Plaintiff and the Proposed Class members who are no longer employed with Defendants are entitled to waiting time penalties pursuant to California Labor Code sections 201-203;

    F.    Whether Defendants provided adequate itemized wage statements to Plaintiffs and the Class pursuant to Labor Code section 226, as to the premiums for missed breaks;

    G.    Whether Defendants' conduct violated the California Unfair Practices Act set forth in the Business and Professions Code sections 17200 *et seq.* by violating state law as set forth herein;

    H.    The proper measure of damages sustained by the Proposed Class; and

    I.    Whether Defendants' actions were "willful."

19. This case is maintainable as a class action under Fed. R. Civ. P. 23(b)(1) because prosecution of actions by or against individual members of the class would result in inconsistent or varying adjudications and create the risk of incompatible standards of conduct for Defendants. Further, adjudication of each individual member's claim as separate action would be dispositive of the interest of other individuals not party to this action, impeding their ability to protect their interests.

20. Class certification is also appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the Proposed Class predominate over any questions affecting only individual members of the Proposed Class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. Defendants' common and uniform policies and practices denied the Proposed Class the wages and penalties to which they are entitled. The damages suffered by the individual Proposed Class members are small compared to the expense and burden of individual prosecution of this litigation. In addition, class certification is superior because it will obviate the need for unduly duplicative

litigation that might result in inconsistent judgments about Defendants' practices.

21. Plaintiff intends to send notice to all members of the Proposed Class to the extent required by Rule 23. The names and addresses of the Proposed Class members are available from Defendant.

## FLSA COLLECTIVE ACTION ALLEGATIONS

22. Plaintiff brings this action on behalf of himself and other employees similarly-situated as authorized under FLSA, 29 U.S.C. § 216(b). The employees similarly-situated are:

> **Collective Class:** All employees of Defendants who were, are, or will be employed in the State of California as a loan specialist (aka loan processor) at any time within three years of the filing of this Complaint until the final disposition of this case ("the FLSA Class Period"), who were entitled to but who were not paid overtime for hours worked during meal periods (i.e., who worked off-the-clock).

23. Upon information and belief, Defendants suffered and permitted Plaintiff and the Collective Class to work more than forty hours per week without appropriate overtime compensation.

24. Defendants' unlawful conduct has been widespread, repeated, and consistent.

25. Upon information and belief, Defendants knew that Plaintiff and the Collective Class performed work during meal periods that led to overtime worked, which required overtime pay. Defendant have operated under a scheme to deprive these employees of appropriate overtime compensation by failing to properly compensate them for all hours worked.

26 Defendants' conduct, as set forth in this Complaint, was willful and in bad faith, and has caused significant damages to Plaintiff and the Collective Class.

27. Defendants are liable under the FLSA for failing to properly compensate Plaintiff and the Collective Class, and as such, notice should be sent to the Collective Class. There are numerous similarly-situated current and former employees of Defendants who have been denied overtime pay in violation of the FLSA who would benefit from the issuance of a Court-supervised notice of the present lawsuit and the opportunity to join in the present lawsuit. Those similarly-situated employees are known to Defendants and are readily identifiable through Defendants'

records.

## INDIVIDUAL ALLEGATIONS

28. Plaintiff Lew, in addition to sharing the allegations of the Class as to denied meal and rest period premiums, waiting time penalties, itemized wage statements, etc., as alleged above, and denied overtime for hours worked during meal periods, worked off-the-clock at other times, in violation of California law and the FLSA.

29. As a loan specialist, Plaintiff Lew was a non-exempt employee and entitled to overtime, but worked overtime for which he was not paid at the appropriate overtime rate.

## FIRST CLAIM FOR RELIEF

### (Failure to Provide Rest Breaks and Meal Periods)

30. Plaintiffs allege and incorporate by reference the allegations in the proceeding paragraphs.

31. California Labor Code section 512 prohibits an employer from employing an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes, or for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes.

32. Section 11 of Wage Order No. 4 provides (and at all times relevant hereto provided) in relevant part that:

> No employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes, except that when a work period of not more than six (6) hours will complete the day's work the meal period may be waived by mutual consent of the employer and employee. Unless the employee is relieved of all duty during a 30 minute meal period, the meal period shall be considered an "on duty" meal period and counted as time worked. An "on duty" meal period shall be permitted only when the nature of the work prevents an employee from being relieved of all duty and when by written agreement between the parties an on-the-job paid meal period is agreed to. The written agreement shall state that the employee may, in writing, revoke the agreement at any time. If an employer fails to provide an employee a meal period

-8-

in accordance with the applicable provisions of this Order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each work day that the meal period is not provided.

33. Section 12 of Wage Order No. 4 provides (and at all times relevant hereto provided) in relevant part that:

Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof. However, a rest period need not be authorized for employees whose total daily work time is less than three and one-half (3 ½) hours. Authorized rest period time shall be counted, as hours worked, for which there shall be no deduction from wages. If an employer fails to provide an employee a rest period in accordance with the applicable provisions of this Order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each work day that the rest period is not provided.

34. California Labor Code section 226.7 prohibits any employer from requiring any employee to work during any meal or rest period mandated by an applicable IWC wage order, and provides that an employer that fails to provide an employee with a required rest break or meal period shall pay that employee one additional hour of pay at the employee's regular rate of compensation for each work day that the employer does not provide a compliant meal or rest period.

35. Defendants failed to provide Plaintiff and Class members with meal periods as required by law, and failed to authorize and permit the Plaintiff and Class members to take rest periods as required by law. Plaintiffs are therefore entitled to payment of the meal and rest period premiums as provided by law, but were not paid these premiums by Defendants.

## SECOND CLAIM FOR RELIEF

**(Waiting Time Penalties)**

36. Plaintiffs allege and incorporate by reference the allegations in the preceding paragraphs.

37. During the relevant time period, many Class members were employed by and thereafter terminated by or resigned from their positions with Defendants. Defendants, however,

-9-

AMENDED COMPLAINT FOR DAMAGES, RESTITUTION AND INJUNCTIVE RELIEF

willfully failed to pay such Class members all wages owed them (including meal and rest period premiums and Plaintiff Lew's overtime) and failed to pay Plaintiffs within the time limits set forth in California Labor Code sections 201 and 202.

38. Under Labor Code sections 201, 202, and 203, those Class members who no longer work for Defendants are entitled to waiting time penalties for Defendants' willful failure to timely pay all wages owed upon separation of their employment.

### THIRD CLAIM FOR RELIEF

### (Failure to Provide Accurate Itemized Wage Statements)

39. Plaintiffs allege and incorporate by reference the allegations in the preceding paragraphs.

40. California Labor Code § 226(a) provides that, at the time of each payment of wages, an employer shall provide each employee with a wage statement itemizing, among other things, the total hours worked by the employee in the pay period. California Labor Code § 226(e) provides that an employee suffering injury as a result of a knowing and intentional failure by an employer to comply with Labor Code § 226(a) may recover the greater of his or her actual damages or a penalty of $50 for the initial pay period in which a violation occurs and $100 per employee for each violation in a subsequent pay period (up to a maximum of $4,000), in addition to attorneys fees and costs.

41. Defendants knowingly and intentionally failed to provide timely, accurate, itemized wage statements including, *inter alia*, hours worked, named California Plaintiffs and the Class in accordance with Labor Code § 226(a). Such failure caused injury to named Plaintiffs and the Class members, by, among other things, impeding them from knowing the total hours worked and/or the amount of wages to which they are and were entitled. Named Plaintiffs and the Class are therefore entitled to the damages and penalties provided for under Labor Code § 226(e). Pursuant to Labor Code section 226(g), Plaintiff and the Class are also entitled to and seek injunctive relief requiring Defendants to comply with Labor Code 226(a).

### FOURTH CLAIM FOR RELIEF

**(Unfair Practice under the Unfair Competition Act)**

42. Plaintiffs allege and incorporate by reference the allegations in the preceding paragraphs.

43. Section 17200 of the California Business and Professions Code — California's Unfair Competition Law — prohibits unfair competition by prohibiting, *inter alia*, any unlawful or unfair business acts or practices. The foregoing conduct by Defendants, as alleged, constitutes unlawful business actions and practices in violation of Section 17200, *et seq.*

44. Pursuant to Business and Professions Code § 17200 *et seq.*, Plaintiff Lew and/or the class members are entitled to restitution of the overtime earnings and/or other unpaid wages and premiums alleged herein that Defendants have improperly withheld and retained during a period that commences four years prior to the filing of this action, a permanent injunction requiring Defendants to pay meal and rest period premiums to all California workers as defined herein, an award of attorneys' fees pursuant to Code of Civil Procedure section 1021.5 and other applicable law, and costs.

## FIFTH CLAIM FOR RELIEF

**(Failure to Pay Overtime Compensation in Violation of California Law)**

45. Plaintiffs alleges and incorporate by reference the allegations in the preceding paragraphs.

46. At all relevant times herein, IWC Wage Order No. 4 (8 C.C.R. § 11040) and California Labor Code §510 required an employer, such as Defendant, to pay overtime premium(s) for hours worked in excess of 8 in a given workday, 40 in a given workweek, or on the seventh day worked in a single workweek. Pursuant to California Labor Code § 1198, it is unlawful to employ persons for hours longer than the hours set by the Industrial Welfare Commission ("IWC"), or under conditions prohibited by the applicable wage orders of the IWC.

47. Plaintiffs worked in excess of eight hours per day and in excess of 40 hours per week, and Defendants unlawfully failed to pay them the proper overtime compensation required in violation of IWC Wage Order 4 (8 C.C.R. § 11040, as amended during the Class Period), and

the California Labor Code §§ 510 and 1198.  Pursuant to California Labor Code § 1194, Plaintiffs are entitled to recover their unpaid overtime compensation.

48. As a direct and proximate result of Defendants' unlawful conduct, as set forth herein, Plaintiffs have sustained damages, including loss of earnings for hours of overtime worked on behalf of Defendants in an amount to be established at trial, plus interest, attorneys' fees and costs.

## SIXTH CLAIM FOR RELIEF

**(Failure to Pay Overtime Compensation in Violation of the Fair Labor Standards Act)**

49. Plaintiffs allege and incorporate by reference the allegations in the preceding paragraphs.

50. At all relevant times, Defendants have been, and continue to be, "employers" engaged in interstate commerce and/or in the production of goods for commerce, within the meaning of the FLSA, 20 U.S.C. § 203.  At all relevant times, Defendants have employed and continue to employ employees, including Plaintiffs.  At all relevant times, upon information and belief, each Defendant has had gross operating revenues in excess of $500,000.00.

51. The FLSA requires each covered employer such as Defendants to compensate all non-exempt employees at a rate of not less than one and one-half times the regular rate of pay for work performed in excess of forty hours per work week.

52. During their employment with Defendants, within the applicable statute of limitations, Plaintiffs worked in excess of forty hours per workweek. Despite the hours worked by Plaintiffs, Defendants willfully, in bad faith, and in knowing violation of the Federal Fair Labor Standards Act, failed and refused to pay him the appropriate overtime compensation for all the hours worked in excess of forty.

53. By failing to accurately record, report, and/or preserve records of hours worked by Plaintiffs, Defendants have failed to make, keep, and preserve records with respect to Plaintiffs sufficient to determine their wages, hours, and other conditions and practice of employment, in violation of the FLSA, 29 U.S.C. § 201, and 29 C.F.R. §516, **et seq**.

54. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C. § 255(a).

55. Plaintiffs seek damages in the amount of his respective unpaid overtime compensation, liquidated damages from three years immediately preceding the filing of this action, plus interest and costs as allowed by law, pursuant to 29 U.S.C. §§ 216(b) and 255(a), and such other legal and equitable relief as the Court deems just and proper.

56. Plaintiffs seek recovery of their attorneys' fees and costs to be paid by Defendants, as provided by the FLSA, 29 U.S.C. § 201 et seq.

## PRAYER FOR RELIEF

57. WHEREFORE, Plaintiff Lew, on behalf of himself and all members of the Proposed Classes, prays for relief as follows:

> A. That the Court determine that this action may proceed as a class action under Rule 23(b)(1) and (3) of the Federal Rules of Civil Procedure;
>
> B. That Defendants are found to have violated the overtime provisions of the California Labor Code and applicable IWC Wage Order(s);
>
> C. That Defendants are found to have violated sections 201, 202, and 203 of the California Labor Code for willful failure to pay all compensation owed at the time of separation to named Plaintiff Lew and the Class;
>
> D. That Defendants are found to have violated California Labor Code section 226 for willful failure to provide accurate itemized wage statements to named Plaintiff Lew and the Class;
>
> E. That Defendants are found to have violated the provisions of the California Labor Code and applicable IWC Wage Order(s) regarding meal and rest periods;
>
> F. That Defendants are found to have violated the overtime provisions of the Federal Fair Labor Standards Act;

AMENDED COMPLAINT FOR DAMAGES, RESTITUTION AND INJUNCTIVE RELIEF

G. That Defendants are found to have violated the FLSA by failing to follow the FLSA's recordkeeping requirements;

H. That Defendants' violations as described above are found to be willful;

I. An award to Plaintiff Lew and the Classes for the amount of unpaid wages owed, including interest thereon, and penalties subject to proof at trial;

J. That Defendants be ordered and enjoined to pay restitution to Plaintiffs due to Defendants' unlawful activities, pursuant to California Business and Professions Code sections 17200, *et seq.*;

K. That Defendants further be enjoined to cease and desist from unlawful activities in violation of California Business and Professions Code sections 17200, *et seq.*;

L. An award of reasonable attorneys' fees and costs pursuant to California Labor Code §1194, 29 U.S.C. section 216, and/or other applicable law; and

M. For such other and further relief, in law or equity, as this Court may deem appropriate and just.

///

///

///

-14-

AMENDED COMPLAINT FOR DAMAGES, RESTITUTION AND INJUNCTIVE RELIEF

## DEMAND FOR JURY TRIAL

58. Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff Lew individually and on behalf of all others similarly situated, demands a trial by jury.

Dated: May 7, 2008                                    s/Bryan J. Schwartz                         .

> Donald H. Nichols, MN State Bar No. 78918
> (**pro hac vice** application forthcoming)
> Paul J. Lukas, MN State Bar No. 22084X
> (**pro hac vice** application forthcoming)
> NICHOLS KASTER & ANDERSON, PLLP
> 4600 IDS Center, 80 S. 8th Street
> Minneapolis, MN 55402
>
> Bryan J. Schwartz, CA State Bar No. 209903
> Matthew C. Helland, CA State Bar No. 250451
> NICHOLS KASTER & ANDERSON, LLP
> One Embarcadero Center, Ste. 720
> San Francisco, CA 94111
> Telephone: (415) 277-7235
> Facsimile: (415) 277-7238

AMENDED COMPLAINT FOR DAMAGES, RESTITUTION AND INJUNCTIVE RELIEF