SEYFARTH SHAW LLP
Thomas R. Kaufman (SBN 177936) tkaufman@seyfarth.com
2029 Century Park East, Suite 3300
Los Angeles, California 90067-3063
Telephone: (310) 277-7200
Facsimile: (310) 201-5219

Joseph P. Breen (SBN 124330) jbreen@seyfarth.com
Amy K. Skryja (SBN 214826) askryja@seyfarth.com
560 Mission Street, Suite 3100
San Francisco, California 94105
Telephone: (415) 397-2823
Facsimile: (415) 397-8549

Attorneys for Defendants
COUNTRYWIDE FINANCIAL CORPORATION;
FULL SPECTRUM LENDING, a division of Countrywide
Home Loans, Inc. (erroneously sued as COUNTRYWIDE BANK, FSB,
FULL SPECTRUM LENDING DIVISION); COUNTRYWIDE BANK, FSB
(erroneously sued as COUNTRYWIDE BANK, N.A.); and
COUNTRYWIDE HOME LOANS, INC.

UNITED STATES DISTRICT COURT

IN AND FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMSON LEW, on behalf of himself and classes of those similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>COUNTRYWIDE FINANCIAL CORPORATION; COUNTRYWIDE BANK, FSB, FULL SPECTRUM LENDING DIVISION; COUNTRYWIDE BANK, N.A.; COUNTRYWIDE HOME LOANS, INC., and their respective affiliates and parents and subsidiaries, and DOES 1-50,<br><br>Defendants. | Case No. CV 08 1993 SC<br><br>**DEFENDANTS' ANSWER TO PLAINTIFF'S CLASS ACTION FIRST AMENDED COMPLAINT**<br><br>Complaint Filed: April 16, 2008<br>Amended Complaint Filed: May 7, 2008 |

Defendants COUNTRYWIDE FINANCIAL CORPORATION; FULL SPECTRUM LENDING, a division of Countrywide Home Loans, Inc. (erroneously sued as COUNTRYWIDE BANK, FSB, FULL SPECTRUM LENDING DIVISION); COUNTRYWIDE BANK, FSB (erroneously sued as COUNTRYWIDE BANK, N.A.); and COUNTRYWIDE HOME LOANS,

1

INC. (collectively "Defendants") hereby answer the First Amended Class Action Complaint ("Complaint") of Plaintiff SAMSON LEW ("Plaintiff") as follows:

## PRELIMINARY STATEMENT

1. Defendants admit that Plaintiff purports to bring claims against Defendants. Defendants admit that Plaintiff was a Loan Specialist II and non-exempt employee as defined by California and federal wage and hour laws. Defendants deny the remaining allegations in paragraph 1, and deny that Plaintiff is entitled to bring his claims on behalf of himself and other individuals against Defendants.

2. Defendants deny that Plaintiff is entitled to bring his claims on behalf of himself and other individuals against Defendants, and further deny that the proposed class definition is appropriate for class treatment under Rule 23 of the Federal Rules of Civil Procedure. Defendants deny the remaining allegations in paragraph 2.

3. Defendants deny that the proposed class definition is appropriate for class treatment under Rule 23 of the Federal Rules of Civil Procedure. Defendants deny the remaining allegations in paragraph 3.

4. Defendants deny the allegations of wrongdoing in paragraph 4. Defendants further deny that Plaintiff is entitled to bring his claims on behalf of himself and other individuals against Defendants.

## THE PARTIES

5. Defendants admit that Plaintiff was employed by Defendant Countrywide Home Loans, Inc. from approximately September 2005 to October 2007 in Livermore, California. Defendants deny that Plaintiff is entitled to bring his claims on behalf of himself and other individuals against Defendants, and further deny that Plaintiff is a member of any proposed Class. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 5, and on that basis, deny each and every allegation therein.

6. Defendants admit that Countrywide Bank, FSB, is a citizen of the State of Virginia.

7.  Defendants admit that Defendant Countrywide Home Loans, Inc. does or did business in California including at facilities located in Alameda County, California. Defendants deny the remaining allegations in paragraph 7.

8.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8, and on that basis, Defendants deny each and every allegation therein.

9.  Defendants deny the allegations in paragraph 9. Defendant Countrywide Home Loans, Inc. was Plaintiff's employer at all times relevant to this lawsuit.

## JURISDICTION AND VENUE

10. Defendants admit that this Court has jurisdiction over Plaintiff, and although Countrywide Financial Corporation, Countrywide Bank, FSB, Full Spectrum Lending Division, and Countrywide Bank, N.A. are not proper Defendants, this Court has subject matter jurisdiction over Defendant Countrywide Home Loans, Inc. Defendants deny the remaining allegations in paragraph 10.

11. Defendants admit that venue is proper in the United States District Court, Northern District of California, that Defendant Countrywide Home Loans, Inc. has facilities in Alameda County, California, and that Plaintiff was employed by Defendant Countrywide Home Loans, Inc. in Alameda County, California. Defendants deny the allegation that "events giving rise to the claims occurred in this district."

12. Defendants admit that this action is properly assigned to the United States District Court, Northern District of California, and that Plaintiff was employed by Defendant Countrywide Home Loans, Inc. in Alameda County, California. Defendants deny the allegation that "events giving rise to the claims occurred in this district."

## RULE 23 CLASS ACTION ALLEGATIONS

13. Defendants admit that Plaintiff seeks to represent a class of individuals. Defendants deny the remaining allegations of paragraph 13, and further deny that the proposed class definition is appropriate for class treatment under Rule 23 of the Federal Rules of Civil Procedure. Defendants also deny that Plaintiff is an adequate class representative.

14. Defendants admit that Countrywide Home Loans, Inc. employed hundreds of loan specialists in the State of California. Defendants deny the remaining allegations in paragraph 14.

15. Defendants admit that Countrywide Home Loans, Inc. employed loan specialists across California. Defendants deny the remaining allegations in paragraph 15.

16. Defendants deny the allegations in paragraph 16.

17. Defendants deny the allegations in paragraph 17.

18. Defendants deny the allegations in paragraph 18.

    A. Defendants deny the allegations in paragraph 18. A.

    B. Defendants deny the allegations in paragraph 18. B.

    C. Defendants deny the allegations in paragraph 18. C.

    D. Defendants deny the allegations in paragraph 18. D.

    E. Defendants deny the allegations in paragraph 18. E.

    F. Defendants deny the allegations in paragraph 18. F.

    G. Defendants deny the allegations in paragraph 18. G.

    H. Defendants deny the allegations in paragraph 18. H.

    I. Defendants deny the allegations in paragraph 18. I.

19. Defendants deny that this case is appropriate for class treatment under Rule 23(b)(1) of the Federal Rules of Civil Procedure.

20. Defendants deny that this case is appropriate for class treatment under Rule 23(b)(3) of the Federal Rules of Civil Procedure.

21. Defendants admit that Countrywide Home Loans, Inc. maintains last known addresses for its employees and former employees. Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph 21.

## FLSA COLLECTIVE ACTION ALLEGATIONS

22. Defendants admit that Plaintiff seeks to represent a class of individuals. Defendants deny the remaining allegations of paragraph 22, and further deny that the proposed

class definition is appropriate for class treatment under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b). Defendants also deny that Plaintiff is an adequate class representative.

23. Defendants deny the allegations in paragraph 23.

24. Defendants deny the allegations in paragraph 24.

25. Defendants deny the allegations in paragraph 25.

26. Defendants deny the allegations in paragraph 26.

27. Defendants admit that Countrywide Home Loans, Inc. maintains last known addresses for its employees and former employees. Defendants deny the remaining allegations in paragraph 27.

## INDIVIDUAL ALLEGATIONS

28. Defendants deny the allegations in paragraph 28.

29. Defendants admit that Plaintiff was a non-exempt employee employed by Defendant Countrywide Home Loans, Inc. as defined by California and federal wage and hour laws. Defendants deny the remaining allegations in paragraph 29.

## FIRST CLAIM FOR RELIEF

30. Defendants incorporate their responses to Plaintiff's allegations in paragraphs 1-29 as though set forth fully herein.

31. Defendants admit that California Labor Code section 512 states obligations of California employers regarding meal periods.

32. Defendants admit that Section 11 of Wage Order No. 4 states obligations of California employers regarding meal periods for employees.

33. Defendants admit that Section 12 of Wage Order No. 4 states obligations of California employers regarding rest periods for employees.

34. Defendants admit that California Labor Code section 226.7 states obligations of California employers regarding mandated meal or rest periods.

35. Defendants deny the allegations in paragraph 35.

## SECOND CLAIM FOR RELIEF

36.   Defendants incorporate their responses to Plaintiff's allegations in paragraphs 1-35 as though set forth fully herein.

37.   Defendants deny the allegations in paragraph 37.

38.   Defendants deny the allegations in paragraph 38.

## THIRD CLAIM FOR RELIEF

39.   Defendants incorporate their responses to Plaintiff's allegations in paragraphs 1-38 as though set forth fully herein.

40.   Defendants admit that California Labor Code section 226 states obligations of California employers regarding itemized wage statements.

41.   Defendants deny the allegations in paragraph 41.

## FOURTH CLAIM FOR RELIEF

42.   Defendants incorporate their responses to Plaintiff's allegations in paragraphs 1-41 as though set forth fully herein.

43.   Defendants admit that California's Unfair Competition Law prohibits unfair competition by prohibiting any unlawful or unfair business practices or acts. Defendants deny the remaining allegations in paragraph 43.

44.   Defendants deny the allegations in paragraph 44.

## FIFTH CLAIM FOR RELIEF

45.   Defendants incorporate their responses to Plaintiff's allegations in paragraphs 1-44 as though set forth fully herein.

46.   Defendants admit that Industrial Welfare Commission Wage Order No. 4 and California Labor Code section 510 states obligations of California employers regarding overtime compensation. Defendants admit that California Labor Code section 1198 states obligations of California employers regarding itemized maximum hours work, standard conditions of labor and employment in violation of the California Labor Code.

47.   Defendants deny the allegations in paragraph 47.

48.   Defendants deny the allegations in paragraph 48.

6
DEFS' ANSWER TO AMENDED COMPLAINT - CV 08 1993 SC

## SIXTH CLAIM FOR RELIEF

49. Defendants incorporate their responses to Plaintiff's allegations in paragraphs 1-48 as though set forth fully herein.

50. Defendants admit that Plaintiff was employed by Defendant Countrywide Home Loans, Inc. Defendants deny the remaining allegations in paragraph 50.

51. Defendants admit the allegations in paragraph 45 to the extent the FLSA governs the compensation of nonexempt employees in California and deny that it violated the provisions of the FLSA including, specifically, 29 U.S.C. Section 201, *et seq.*

52. Defendants deny the allegations in paragraph 52.

53. Defendants deny the allegations in paragraph 53.

54. Defendants deny the allegations in paragraph 54.

55. Defendants admit that Plaintiff seeks "damages, in the amount of his respective unpaid overtime compensation, liquidated damages from three years immediately preceding the filing of this action, plus interest and costs as allowed by law…and such other legal and equitable relief as the Court deems just and proper" but deny that Plaintiff is entitled to any such recovery.

56. Defendants deny the allegations in paragraph 56.

## PRAYER FOR RELIEF

57. Defendants deny that Plaintiff or any purported class member is entitled to any relief.

   A. Defendants deny that this action is appropriate for class treatment under Rule 23(b)(1) or (3) of the Federal Rules of Civil Procedure or for collective treatment under FLSA Section 16(b).

   B. Defendants deny that Plaintiff or any purported class member is entitled to any such relief.

   C. Defendants deny that Plaintiff or any purported class member is entitled to any such relief.

DEFS' ANSWER TO AMENDED COMPLAINT - CV 08 1993 SC

1  D. Defendants deny that Plaintiff or any purported class member is entitled to any such relief.

E. Defendants deny that Plaintiff or any purported class member is entitled to any such relief.

F. Defendants deny that Plaintiff or any purported class member is entitled to any such relief.

G. Defendants deny that Plaintiff or any purported class member is entitled to any such relief.

H. Defendants deny that Plaintiff or any purported class member is entitled to any such relief.

I. Defendants deny that Plaintiff or any purported class member is entitled to any such relief.

J. Defendants deny that Plaintiff or any purported class member is entitled to any such relief.

K. Defendants deny that Plaintiff or any purported class member is entitled to any such relief.

L. Defendants deny that Plaintiff or any purported class member is entitled to any such relief.

M. Defendants deny that Plaintiff or any purported class member is entitled to any such relief.

58. Defendants admit that Plaintiff seeks to represent a class of individuals and requests a jury trial. Defendants deny that trial by jury is proper with respect to Plaintiff's claims under California's Business and Profession Code section 17200 *et seq.*

## SEPARATE DEFENSES

In further answer to Plaintiff's Complaint, Defendants allege the following additional defenses. In asserting these defenses, Defendants do not assume the burden of proof as to matters that, pursuant to law, are Plaintiff's burden to prove.

## FIRST DEFENSE

The Complaint and each cause of action alleged therein fails to state facts sufficient to constitute a cause of action upon which relief can be granted against Defendants.

## SECOND DEFENSE

Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations.

## THIRD DEFENSE

Plaintiff is not entitled to any penalty award under the California Labor Code since, at all times relevant and material herein, Defendants did not willfully fail to comply with the compensation provisions of the California Labor Code, but rather acted in good faith and had reasonable grounds for believing that it did not violate the compensation provisions of the California Labor Code.

## FOURTH DEFENSE

Plaintiff's claims are barred in whole or in part because a good faith dispute exists regarding whether wages and/or overtime are due.

## FIFTH DEFENSE

Plaintiff's requests for injunctive and other equitable relief fail because Plaintiff and/or the persons he seeks to represent, have adequate remedies at law.

## SIXTH DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent he ratified Defendants' actions.

## SEVENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent he waived any right to bring them.

## EIGHTH DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent he is estopped from bringing them.

## NINTH DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent he is guilty of laches.

## TENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent he forfeited their rights under the doctrine of unclean hands.

## ELEVENTH DEFENSE

Plaintiff's claims are barred to the extent that he failed to exhaust administrative remedies or otherwise failed to comply with procedural prerequisites to bringing claims for damages and penalties as alleged in the Complaint.

## TWELFTH DEFENSE

Plaintiff's claims are barred as Plaintiff has not been damaged or injured in any way by any act or omission of Defendants.

## THIRTEENTH DEFENSE

Plaintiff's claims are barred to the extent Plaintiff lacks standing to sue on behalf of himself, the putative class, and/or the general public.

## FOURTEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent they consented to Defendants' actions.

## FIFTEENTH DEFENSE

The acts of the Doe Defendants of which Plaintiff complains were all undertaken outside the scope of their agency and/or employment with this answering Defendants and without the knowledge or consent of this answering Defendants and these answering Defendants may not be held liable such acts.

## SIXTEENTH DEFENSE

Defendants Countrywide Financial Corporation; Full Spectrum Lending, Inc., a division of Countrywide Home Loans, Inc. (erroneously sued as Countrywide Bank, FSB, Full Spectrum Lending Division); Countrywide Bank, FSB (erroneously sued as Countrywide Bank, N.A.) were not employers of Plaintiff within the meaning of the California Labor Code.

## SEVENTEENTH DEFENSE

Defendants Countrywide Financial Corporation; Full Spectrum Lending, Inc., a division of Countrywide Home Loans, Inc. (erroneously sued as Countrywide Bank, FSB, Full Spectrum Lending Division); Countrywide Bank, FSB (erroneously sued as Countrywide Bank, N.A.) were not employers of Plaintiff and, as such, Plaintiff and Defendants Countrywide Financial Corporation; Full Spectrum Lending, Inc., a division of Countrywide Home Loans, Inc. (erroneously sued as Countrywide Bank, FSB, Full Spectrum Lending Division); Countrywide Bank, FSB (erroneously sued as Countrywide Bank, N.A.) did not have an employment relationship enabling Plaintiff to seek the recovery sought in Plaintiff's Complaint against them.

## EIGHTEENTH DEFENSE

Defendants' wage practices were not unlawful and unfair within the meaning of Section 17200 of California Business and Professions Code.

## NINETEENTH DEFENSE

Plaintiff's Complaint does not state facts sufficient to certify a class and this action is not properly brought as a class or collective action.

## TWENTIETH DEFENSE

To the extent the FLSA governs the compensation of nonexempt employees in California such as Plaintiff, Defendants deny that it violated the provisions of the FLSA including, specifically, 29 U.S.C. Section 201, *et seq.* and at all times herein acted in good faith and had reasonable grounds for believing that its actions were not in violation of the FLSA.

## TWENTY-FIRST DEFENSE

Plaintiff's entitlement, if any, to liquidated damages is limited or barred to the extent Defendants acted in good faith and upon a reasonable belief that its actions did not violate the California Labor Code, or any applicable California Industrial Welfare Commission Wage Orders.

### TWENTY-SECOND DEFENSE

The Complaint fails to allege facts sufficient to establish a claim for penalties under the California Labor Code, including, but not limited to, §§ 203, 226, 226.7, 512, or any applicable California Industrial Welfare Commission Wage Orders.

### TWENTY-THIRD DEFENSE

Defendants are informed and believe and based thereon allege that by exercise of reasonable efforts, Plaintiff could have mitigated the amount of damages he allegedly suffered, but Plaintiff has failed or refused to exercise reasonable efforts to mitigate his damages.

### TWENTY-FOURTH DEFENSE

To the extent that a court holds that Plaintiff is entitled to damages or penalties, Defendants are entitled to a set off for wages or a proportionate reduction in any damages or penalties to the extent Plaintiff was provided with rest or meal periods, or to the extent Plaintiff was paid wages in lieu of being provided with rest or meal periods.

### TWENTY-FIFTH DEFENSE

To the extent that a court holds that Plaintiff is entitled to damages or penalties, Defendants are entitled as a matter of equity to a set off for rest and meal periods provided Plaintiff, to which Plaintiff was not entitled under the law, and to the extent Plaintiff was paid wages which he was not entitled to under the law.

### TWENTY-SIXTH DEFENSE

The penalties claimed by Plaintiff in this case are excessive and, thus, violate the state and federal Constitutions.

### TWENTY-SEVENTH DEFENSE

Plaintiff's claims for meal and rest periods are barred because Defendants are informed and believe that Defendants provided, authorized and permitted their employees to take adequate meal and rest periods. If Plaintiff voluntarily chose not to take his meal and rest periods, then there was no violation of the California Labor Code or the IWC Wage Orders, and Plaintiff's cause of actions regarding meal and rest periods is barred.

DEFS' ANSWER TO AMENDED COMPLAINT - CV 08 1993 SC

### TWENTY-EIGHTH DEFENSE

To the extent Plaintiff interfered with payment of wages at the time of termination, Defendants are relieved of liability for waiting time penalties under Labor Code § 203.

### ADDITIONAL DEFENSES

Defendants presently have insufficient knowledge or information upon which to form a belief whether there may be additional, as yet unstated, defenses and reserve the right to assert additional defenses in the event that discovery indicates that such defenses are appropriate.

### PRAYER FOR RELIEF

WHEREFORE, Defendants pray for judgment as follows:

1. That Plaintiff takes nothing by his Complaint on file herein;
2. That judgment be entered in favor of Defendants and against Plaintiff, and any class the court certifies, on all causes of action;
3. That Defendants be awarded reasonable attorneys' fees according to proof;
4. That Defendants be awarded their costs of suit incurred herein; and
5. That Defendants be awarded such other and further relief as the Court may deem appropriate.

DATED: June 6, 2008

SEYFARTH SHAW LLP

By _____
Joseph R. Breen
Attorneys for Defendants
COUNTRYWIDE FINANCIAL CORPORATION; FULL SPECTRUM LENDING, a division of Countrywide Home Loans, Inc. (erroneously sued as COUNTRYWIDE BANK, FSB, FULL SPECTRUM LENDING DIVISION); COUNTRYWIDE BANK, FSB (erroneously sued as COUNTRYWIDE BANK, N.A.); and COUNTRYWIDE HOME LOANS, INC.

DEFS' ANSWER TO AMENDED COMPLAINT - CV 08 1993 SC