1    Counsel Listed on Following Page

2

3

4

5

6

7

8

9                    UNITED STATES DISTRICT COURT

10           IN AND FOR THE NORTHERN DISTRICT OF CALIFORNIA

11   SAMSON LEW, on behalf of himself and          )   Case No. CV 08 1993 SC
     classes of those similarly situated,          )
12                                                 )   **JOINT CASE MANAGEMENT**
                      Plaintiff,                   )   **STATEMENT**
13                                                 )
                  v.                               )   Complaint Filed:  April 16, 2008
14                                                 )   Amended Complaint Filed: May 7, 2008
     COUNTRYWIDE FINANCIAL                         )
15   CORPORATION; COUNTRYWIDE BANK,                )
     FSB, FULL SPECTRUM LENDING                    )
16   DIVISION; COUNTRYWIDE BANK, N.A.;             )
     COUNTRYWIDE HOME LOANS, INC., and             )
17   their respective affiliates and parents and  )
     subsidiaries, and DOES 1-50,                  )
18                                                 )
                      Defendants.                  )
19   _____       )

20

21

22

23

24

25

26

27

28
                                   1
                 JOINT MANAGEMENT STATEMENT - CV 08 1993 SC

1  SEYFARTH SHAW LLP
   Thomas R. Kaufman (SBN 177936) tkaufman@seyfarth.com
2  2029 Century Park East, Suite 3300
   Los Angeles, California 90067-3063
3  Telephone: (310) 277-7200
   Facsimile: (310) 201-5219
4
   Joseph P. Breen (SBN 124330) jbreen@seyfarth.com
5  Amy K. Skryja (SBN 214826) askryja@seyfarth.com
   560 Mission Street, Suite 3100
6  San Francisco, California 94105
   Telephone: (415) 397-2823
7  Facsimile: (415) 397-8549

8  Attorneys for Defendants
   COUNTRYWIDE FINANCIAL CORPORATION;
9  FULL SPECTRUM LENDING, a division of Countrywide
   Home Loans, Inc. (erroneously sued as COUNTRYWIDE BANK, FSB,
10 FULL SPECTRUM LENDING DIVISION); COUNTRYWIDE BANK, FSB
   (erroneously sued as COUNTRYWIDE BANK, N.A.); and
11 COUNTRYWIDE HOME LOANS, INC.

12

13 Donald H. Nichols (MN State Bar No. 78918)
   nichols@nka.com
14 (admitted **pro hac vice**)
   Paul J. Lukas (MN State Bar No. 22084X)
15 lukas@nka.com
   (admitted **pro hac vice**)
16 NICHOLS KASTER & ANDERSON, PLLP
   4600 IDS Center
17 80 S. 8th Street
   Minneapolis, MN 55402
18

19 Bryan J. Schwartz, CA State Bar No. 209903
   schwartz@nka.com
20 Matthew C. Helland, CA State Bar No. 250451
   helland@nka.com
21 NICHOLS KASTER & ANDERSON, LLP
   One Embarcadero Center, Ste. 720
22 San Francisco, CA 94111

23 Robert S. Norell, P.A.
   robnorell@aol.com
24 (admitted **pro hac vice**)
   7350 N.W. 5th Street
25 Plantation, FL 33317

26 Attorneys for Individual and Representative Plaintiffs
27

28

                              2

1    Pursuant to Federal Rules of Civil Procedure, Rule 26(f) and United States District Court
2    for the Northern District of California, Civil Local Rule 16-9, Plaintiff SAMSON LEW
3    ("Plaintiff") and Defendants COUNTRYWIDE FINANCIAL CORPORATION; FULL
4    SPECTRUM LENDING, a division of Countrywide Home Loans, Inc. (whom Defendants claim
5    was erroneously sued as COUNTRYWIDE BANK, FSB, FULL SPECTRUM LENDING
6    DIVISION); COUNTRYWIDE BANK, FSB (whom Defendants claim was erroneously sued as
7    COUNTRYWIDE BANK, N.A.); and COUNTRYWIDE HOME LOANS, INC. (collectively
8    "Defendants") jointly submit this Case Management Conference Statement.

9    1.    **Jurisdiction and Service:** Defendants admit that this Court has jurisdiction over
10   this matter. Defendants assert that Countrywide Financial Corporation, Countrywide Bank, FSB,
11   Full Spectrum Lending Division, and Countrywide Bank, N.A. are not proper Defendants.  No
12   party remains to be served.

13   2.    **Facts:**

14   a)    **Stipulated Facts:**    Plaintiff Samson Lew ("Plaintiff" or "Lew") was a loan
15   specialist employed by Defendant Countrywide Home Loans, Inc. at its Regional Operations
16   Center ("ROC") in Livermore, California from September 2005 to October 2007.  Lew was a
17   non-exempt employee and terminated as part of a reduction in force when the Livermore facility
18   permanently closed.

19   b)    **Plaintiff's Factual Allegations:**  Plaintiff contends that he and other purported
20   class members were denied meal and rest break premiums, waiting time penalties, itemized wage
21   statements and overtime pay. Plaintiff further alleges that the proposed class includes all
22   employees of Defendants who were or are employed in the State of California as a loan specialist
23   at any time during the four years prior to the filing of the Complaint.

24   c)    **Defendants' Factual Allegations:**  Defendants contend that Lew is the only
25   plaintiff currently a party in this matter.  Defendants also assert that Lew was provided all meal
26   and rest breaks to which he was entitled and was paid in compliance with all relevant California
27   and federal laws. Defendants deny the allegations set forth in Plaintiff's First Amended
28   Complaint.

3

3.    **Legal Issues**:  On May 7, 2008, Plaintiff, on behalf of himself and all others similarly situated, filed a First Amended Complaint against Defendants alleging six causes of action including: (1) violation of Labor Code sections 226.7 and 512 (failure to provide rest breaks and meal periods); (2) violation of Labor Code sections 201-203 (waiting time penalties); (3) violation of Labor Code section 226 (failure to provide itemized wage statements); (4) violation of the California Business & Professions Code section 17200 *et seq.*; (5) violation of Labor Code sections 510, 1194, 1198 and IWC Wage Orders (failure to provide overtime compensation); and (6) violation of the FLSA (failure to pay overtime compensation).

The principal legal issues are whether class certification is appropriate, and whether Defendants provided meal and rest breaks, and, complied with relevant laws regarding meal and rest periods and overtime pay.

4.    **Motions**: On June 18, 2008, Plaintiff filed a motion for leave for admission for attorneys Robert S. Norell, Donald H. Nichols, and Paul J. Lukas to appear *pro hac vice*.  On June 23, 2008, Honorable Samuel Conti granted Plaintiff's motion.  The Parties anticipate a class certification motion and/or a motion for summary judgment.  Plaintiff may bring a conditional class certification motion and a future motion to amend. Both Parties reserve the right to file discovery, or other appropriate motions, including dispositive motions.

5.    **Amendment of Pleadings**:

a)    **Plaintiff**:  Lew does not currently anticipate, but may seek to add additional named plaintiffs (if certification is denied, Lew may seek to join all opt-ins, currently approximately 50, under Fed.R.Civ.P. 20) or add/clarify claims, pursuant to Fed.R.Civ.P. 15, depending on the progress of discovery or motions in the case.

b)    **Defendants**:  Defendants dispute that individuals who have signed Notices of Consent filed in this action have standing as "opt-in plaintiffs" in this matter.  Defendants reserve the right to amend the pleadings.  Defendants also reserve the right to oppose any motion by Plaintiff regarding his amendment to the pleadings.

6.    **Evidence Preservation**: Defendants have not yet received from Plaintiff any correspondence regarding electronic information preservation.  Defendants will review and

4

1    determine a strategy intended to isolate and keep the requested relevant information preserved.

2    Defendants agree to determine whether they have the requested information, how accessible the

3    information is, and what format it is stored in. Plaintiff's counsel represent they have notified

4    their clients to retain any and all documents in their possession relating to their time worked at

5    Countrywide.

6           7.     **Disclosures**:  Pursuant to FRCP Rule 26(C), the Parties have stipulated to filing

7    Initial Disclosures no later than August 22, 2008.

8           8.     **Discovery**: *See* No. 17 below.

9
       9.     **Class Actions**:

10

11          a)     **Plaintiff's Position**:  Plaintiff and purported class members allege a class action

12   under Rule 23(b)(3), as outlined in the Complaint, on behalf of all employees of Defendants who

13   were or are employed in the State of California as a loan specialist at any time during the last

14   four years. Among other reasons for class treatment, Plaintiff and purported class members

15   allege that class issues predominate and commonality is established because the Court must

16   predict what California's Supreme Court will decide with respect to the extent of meal/rest

17   period requirements of employers under Labor Code Section 226.7, on a class-wide basis.

18   Moreover, according to Plaintiff and purported class members, depending on the meal/rest

19   standard adopted by the Court class-wide, the trier of fact will need to evaluate, on a class-wide

20   basis, whether Defendants had/have policies/practices/procedures which adequately ensure(d)

21   meal/rest periods are/were taken and premiums paid for all missed meal/rest breaks, and

22   overtime paid for meal period time worked. Plaintiff and purported class members contend

23   further that: the class numbers in the hundreds or thousands, and is clearly numerous; Plaintiff

24   Lew is typical, because he is in the same job and subject to the same

25   policies/practices/procedures as the putative class members; Plaintiff and his counsel are

26   adequate representatives, having no conflicts with the rest of the class and (in counsel's case)

27   very experienced in this type of litigation; and that class litigation is superior, because of

28   numerous small claims which are most efficiently litigated in one court, without the loss of

access to the courts and windfall to Defendants that arises when such small wage/ hour claimants are forced to pursue claims individually.

b) **Defendants' Position**:   Defendants contend that Plaintiff's proposed class definition(s) is not appropriate for class treatment.   Specifically, Defendants deny that class issues predominate or that there is sufficient commonality for class treatment.   Defendants further deny that there is sufficient numerosity, or that Lew was a typical loan specialist. Defendants further assert that class treatment is not the superior method of litigating this case. Defendants are without information and belief as to whether Plaintiff's counsel would be adequate counsel in the class action context.

10.   **Related Cases**:   The Parties are not aware of any related cases or proceedings pending before another judge of this court, or before another court or administrative body.

11.   **Relief**:   In addition to an order certifying this matter as a class action, Plaintiff and purported class members seek and all relief available under the statutes, in law and in equity, for unpaid overtime compensation, waiting time penalties, missed meal and rest periods, and for failing to provide accurate itemized wage statements.

Defendants contend that this matter is not appropriate for class certification, and thus relief, if any, is available only to Plaintiff.  Defendants contend that Plaintiff is not entitled to any relief because Defendants complied with all relevant laws and provided, permitted and authorized all meal and rest breaks.

12.   **Settlement and ADR**:   To date, the Parties have not engaged in ADR efforts. The Parties have filed their Stipulation and Proposed Order Selecting ADR Process agreeing to participate in mediation.

13.   **Consent to Magistrate Judge for All Purposes**:   On May 20, 2008, Plaintiff declined to proceed before a U.S. Magistrate.  Accordingly, this matter has now been assigned to the Honorable Samuel Conti.

14.   **Other References**:   The Parties content that this matter is not suitable for binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

15. **Narrowing of Issues**:  Issues may be narrowed by a motion for summary judgment and/or the denial of class certification.

16. **Expedited Schedule**:  This case is not suitable to be handled on an expedited basis with streamlined procedures.

17. **Scheduling**:

a)    **Initial Discovery**:  The Parties anticipate that discovery necessary for class certification-related issues will be completed in December of 2008.  Defendants anticipate that other discovery will be concluded by the fall of 2009, while Plaintiff believes a date in spring 2009 would be more appropriate.  Defendants assert that discovery related solely to damages can be burdensome prior to class certification and to the extent possible, shall be reserved until after the class certification issue has been ruled upon.  Plaintiff agrees to bifurcate discovery pertaining to damages for expert discovery only, since Plaintiff believes that many witnesses have relevant testimony regarding both liability and damages, and these witnesses should not be called twice.

Plaintiff has served requests for production of documents, interrogatories and requests for admission, along with the 30(b)(6) notice encompassing twenty (20) separate categories of information.  Defendants intend to conduct written discovery, including requests for production of documents, interrogatories and requests for admission.  The Parties do not anticipate deviating from the Federal Rules of Civil Procedure with respect to number of discovery requests allowed.

Plaintiff has noticed the first Fed.R.Civ.P. 30(b)(6) deposition for September 23, 2008 and will notice other depositions thereafter.  Defendants plan to serve objections to Plaintiff's 30(b)(6) notice on numerous grounds including his failure to confer with Defendants regarding the scheduling of the deposition pursuant to Local Rule 30-1.  Defendants will depose the named Plaintiff and other witnesses as necessary.  Plaintiff and purported class members do believe that, in a class action, more than 10 depositions may be required.  Defendants anticipate at this time that the Federal Rules will be followed with respect to deposition procedure, subject to orders issued by the Court or pending other procedural developments.

1        b)    **Expert Witness Designation**:  The Parties agree that expert witness disclosures

2  required under Rule 26(a)(2) under the Federal Rules of Civil Procedure shall be made at a later

3  date prior to trial, pursuant to timelines set forth in the Federal Rules .

4        18.    **Trial**:  Plaintiff seeks to represent a class of individuals and requests a jury trial.

5  Defendants deny that Plaintiff's request for trial by jury is proper with respect to Plaintiff's

6  claims under California's Business and Profession Code section 17200 *et seq.*

7        The length of trial will depend on the Court's ruling on class certification. The Parties

8  anticipate a trial length of no more than two weeks if class certification is denied.  The Parties

9  anticipate a trial length of one month if class certification is granted.  The Parties request that this

10  matter be set for trial for late 2009 subject to changes in case status, *inter alia*, class certification.

11        19.    **Disclosure of Non-party Interested Entities or Persons**:  The Parties have filed

12  their Certificate of Interested Entities or Persons pursuant to Local Rule 3-16.

13

14  DATED: August 8 , 2008                SEYFARTH SHAW LLP

15

16                              By

17                                  Joseph P. Breen
                                 Amy K. Skryja

18                               Attorneys for Defendants
                               COUNTRYWIDE FINANCIAL CORPORATION;

19                             FULL SPECTRUM LENDING, a division of
                             Countrywide Home Loans, Inc. (erroneously sued

20                             as COUNTRYWIDE BANK, FSB,
                             FULL SPECTRUM LENDING DIVISION);

21                             COUNTRYWIDE BANK, FSB (erroneously sued
                             as COUNTRYWIDE BANK, N.A.); and

22                             COUNTRYWIDE HOME LOANS, INC.

23

24

25

26

27

28

1   DATED:  August ___, 2008                    NICHOLS KASTER & ANDERSON, LLP

2

3                                               By: _____

4                                               Paul J. Lukas
                                                Attorneys for Plaintiffs
5                                               4600 IDS Center
                                                80 South Eighth Street
6                                               Minneapolis MN, 55402

7                                               Bryan J. Schwartz
                                                Attorneys for Plaintiffs
8                                               One Embarcadero Center, Ste. 720
                                                San Francisco, CA 94111
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JOINT MANAGEMENT STATEMENT - CV 08 1993 SC