**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMSON LEW, on behalf of himself and classes of those similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>COUNTRYWIDE FINANCIAL CORPORATION, et al.,<br><br>Defendants. | ) Case No. 08-1993<br>)<br>) ORDER RE: JOINT STIPULATION<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Plaintiff Samson Lew ("Lew") brings this putative class action in connection with alleged violations of California's wage-and-hour laws and the Fair Labor Standards Act by Defendants Countrywide Financial Corporation and a number of other entities (collectively, "Defendants"). Fifty-six individuals have affirmatively opted in to the putative class by submitting written consent forms (the "Qualified Opt-Ins"). Now before the Court is a Joint Stipulation to dismiss the action in its entirety and with prejudice as to Lew and the Qualified Opt-Ins. ECF No. 131 ("Joint Stip.").

Pursuant to the Joint Stipulation of Settlement and Release ("Settlement Agreement"), Defendants shall pay $99,000 to Lew, his attorneys, and the Qualified Opt-Ins. ECF No. Specifically, the Settlement Agreement provides that Lew will receive $2,465.02, Plaintiff's counsel will receive $36,540, and the remainder will be

<div style="text-align: left; font-weight: bold;">United States District Court<br/>For the Northern District of California</div>

distributed among the Qualified Opt-Ins. Stip Ex. A ("Settlement Agreement") at 6-7. In consideration for these payments, Lew and the Qualified Opt-Ins will release their claims against Defendants. Id. at 8-9. The Qualified Opt-Ins may opt out of the settlement and avoid releasing their claims by returning their settlement checks to Plaintiff's counsel within the ninety-day check-cashing period prescribed by the Settlement Agreement. Id. at 9. The rights of the other putative class members will not be affected by the Settlement Agreement.

Having reviewed the papers submitted by the parties, the Court is concerned about the notice provided to the Qualified Opt-Ins. See ECF No. 133 Ex. A ("Notice"). The Notice should clearly convey at least two messages: (1) the Qualified Opt-Ins' settlement checks expire ninety days from the date of issue; and (2) the Qualified Opt-Ins may opt out of the settlement by returning their settlement check to Plaintiffs' counsel within the ninety-day check cashing period. In light of the legalese used in the Notice, these messages could easily be missed by a lay person. Further, the first page of the Notice does not even mention the possibility of opting out of the Settlement. It is also unclear from the Notice where, exactly, the Qualified Opt-Ins should send their settlement checks if they wish to opt out or who they can contact if they have any questions.

///
///
///
///
///

The parties shall revise the Notice in accordance with this guidance. The Court shall stay its consideration of the Joint Stipulation pending the submission of the revised Notice.

IT IS SO ORDERED.

Dated: August 27, 2012 

UNITED STATES DISTRICT JUDGE